IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney David Young, | ) | C/A No.: 1:13-1217-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Levern Cohen; Lt. Ayala; | ) | |
| D. Ford, Law Library Officer, et al.; | ) | |
| Ms/Mrs J. Brown, Law Lib. | ) | |
| Administrator, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Rodney Davis Young, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Ridgeland Correctional Institution. Warden Levern Cohen, Lt. Ayala, D. Ford, and J. Brown (collectively "Defendants") are employees of the South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff has another civil rights action pending before this court. *See Rodney David Young v. Christopher Griffin, et al.*, C/A No. 1:12-3009-TMC-SVH (D.S.C. Oct.

18, 2012) ("*Young I*").  In his complaint in this case, he indicates that he received a scheduling order on March 5, 2013, informing him of deadlines in *Young I*. [Entry #1 at 3]. Plaintiff alleges that he "showed this order to Lt. Ayala, Yard Officer D. Ford," a brother of one of the defendants in *Young I*, and another officer who is not a named defendant in this case. [Entry #1 at 3]. Defendant Brown allegedly agreed that Plaintiff had a legitimate reason to be given access to the prison's law library; however, "there was a stabbing and Georgetown Unit was locked down." *Id.*  Plaintiff claims that prison procedures mandate that "even on lockdown [an] officer must escort you to Law-Lib provided that you have a O.T.R. [order to report] from Mrs/Ms Brown approving access," which Plaintiff allegedly possessed.  *Id.*  Plaintiff claims that the Georgetown Unit lockdown continued from April 4, 2013, through April 9, 2013, and that defendant Ayala escorted him halfway to the law library on April 9, 2013.  *Id.*  However, defendant Ford allegedly informed defendant Ayala that "the Warden would have to be contacted to see if its o.k." resulting in Plaintiff being escorted back to his cell.  *Id.*  Approximately one hour later, Plaintiff contends that defendant Ayala informed him that the Warden would not allow him access to the law library. *Id.* at 4.

   Plaintiff states that he has written Warden Cohen about this issue, but received no reply.  *Id.*  He further states that he sent a letter to this court.  *See Young I* at Entry #52 (received April 12, 2013).  Subsequent to contacting the court, Plaintiff alleges that defendant Brown completely denied him an order to report to the law library, "reason being unknown." [Entry #1 at 4].  On April 26, 2013, Plaintiff contends he exchanged

2

words with defendant Ford, who allegedly told him to "forget about that legal suit you're banned from the library." *Id.*  Plaintiff further claims that "the decision for disciplinary action has been decided on and actions will be taken."  *Id.*  Plaintiff claims that Defendants' actions constitute "retaliation for complaining to the courts," *id.*, denial of court access, denial of due process, and cruel and unusual punishment.  *Id.* at 2.  Plaintiff seeks monetary damages and injunctive relief in the form of a restraining order and access to the courts.  *Id.* at 5.  The undersigned notes that Plaintiff has filed a motion to amend his complaint in *Young I* to add Defendants named and claims alleged in the instant complaint.  *See Young I* at Entry #56 (received May 17, 2013).

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

3

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Access to court claim

To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured

4

by any limitations on his access to a law library). A plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").

Plaintiff alleges that Defendants have denied him access to the law library, thereby making it difficult for him to meet court deadlines in *Young I*. [Entry #1 at 3–4]. However, Plaintiff provides no indication that he has missed any court deadline in *Young I*, or that Defendants' actions have impacted his ability to file documents in that case. Because Plaintiff fails to demonstrate an actual injury resulting from Defendants' actions, his access to court claim is subject to summary dismissal.

### 2. Denial of due process

Next, Plaintiff contends that Defendants violated his right to due process by taking disciplinary action against him. [Entry #1 at 2, 4]. Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974). In *Wolff*, the Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3)

a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. *Wolff*, 418 U.S. at 563–67.

To prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

The complaint *sub judice* contains no facts to indicate that Plaintiff has been denied any of the safeguards required for inmate disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308 (1976) (discussing limited range of inmate rights in prison disciplinary proceedings). Plaintiff also fails to allege that he lost any good-time credits as a result of the disciplinary action, or that his disciplinary conviction resulted in an increase in the sentence imposed. Nor does Plaintiff allege that the disciplinary conviction imposed an atypical or significant hardship. Because Plaintiff has failed to show that Defendants' actions enhanced Plaintiff's sentence in such a way as to implicate a protected liberty interest, and give rise to the protection of the Due Process Clause by its own force, *see, e.g., Beverati*, 120 F.3d at 502, Plaintiff's due process claim against Defendants is subject to summary dismissal.

       3.    Cruel and unusual punishment

The Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). However, the Eighth Amendment "does not mandate comfortable prisons," and, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347–49 (1981); *see also Lopez v. Robinson*, 914 F.2d 486, 490 (4th Cir.1990). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) ("[A] prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") (internal quotations and citation omitted). In the present case, Plaintiff provides no facts to demonstrate that he has been deprived of any basic human need by the defendants. Therefore, Plaintiffs claim of cruel and unusual punishment must fail.

4. Retaliation

"Retaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." *American Civil Liberties Union, Inc. v. Wicomico Cnty.*, 999 F.2d 780, 785 (4th Cir. 1993). However, the Fourth Circuit has also mandated that claims of retaliation should be regarded with skepticism, *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996), and has stated:

> [W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

*Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Thus, to state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams*, 40 F.3d. at 75. An inmate must also present more than conclusory accusations of retaliation, *id.* at 74, and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation. *See, e.g., Cochran* 73 F.3d at 1318; *Hughes v. Bledsoe*, 48 F.3d. 1376, 1387 n. 11 (4th Cir. 1995). Finally, a plaintiff must show that he suffered some adverse impact on the continued exercise of his constitutional rights as a result of the retaliatory conduct. *American Civil Liberties Union*, 999 F.2d at 785 ("Where there is no

impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation.").

In this case, Plaintiff alleges that the defendants' disciplinary action and denial of library access are in retaliation for Plaintiff having complained "to the courts." [Entry #1 at 4]. To demonstrate retaliatory motive, Plaintiff points to defendant Ford's statement regarding the futility of Plaintiff's pending legal action and the proximity of the denial of law library access and the disciplinary action to Plaintiff's contact with this court. *Id.* However, temporal proximity between an inmate's exercise of a constitutionally protected activity and the alleged retaliatory action "is simply too slender a reed on which to rest" a § 1983 retaliation claim. *Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1993). In addition, Plaintiff fails to state cognizable due process and access to court claims, and fails to provide facts to show that the alleged retaliatory conduct has had an adverse impact on his continued access to the courts or any other constitutionally protected right.[1] In any event, Plaintiff's retaliation claim is subject to summary dismissal for failure to exhaust administrative remedies, as discussed below.

### 5. Failure to exhaust administrative remedies

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C.A. § 1997(e). The exhaustion requirement applies to all inmate suits about prison life, whether they involve

---

[1] Plaintiff has filed this action and several documents in *Young I* since the alleged retaliatory action.

general circumstances or particular episodes, *Porter v. Nussle*, 534 U.S. 516, 527 (2002). In addition, the United States Supreme Court has held that the PLRA exhaustion requirement requires "proper exhaustion," which "'means using all steps that the agency holds out, and doing so *properly*.'" *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Failure to exhaust all levels of administrative review is not proper exhaustion and will bar actions filed by inmates under any federal law, including § 1983. *Porter,* 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. at 89 (internal citations omitted). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Plaintiff indicates that, on April 26, 2013, Defendants "completely" denied access to a legal library and decided to take disciplinary action against him. [Entry #1 at 4].

10

Plaintiff signed the complaint on April 27, 2013, *id.* at 5, and submitted it to the prison mailroom for filing on April 29, 2013. [Entry #1-2 at 1]. Plaintiff further indicates that he filed a grievance regarding the claims raised in this complaint on April 26, 2013. [Entry #1 at 2]. As it is clear from the face of the complaint that Plaintiff has filed this action prematurely, before exhausting his administrative remedies, this action should be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 22, 2013                                    Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).