IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Rodney David Young, | ) | |
| | ) | Civil Action No. 1:13-1217-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Levern Cohen; Lt. Ayala; | ) | |
| D. Ford, Law Library Officer, et al.; | ) | |
| Ms/Mrs J. Brown, Law Lib. | ) | |
| Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Rodney David Young ("Young"), filed a *pro se* prisoner complaint, pursuant to 42 U.S.C. § 1982, alleging that the defendants violated his constitutional rights by denying him access to the law library, adequate due process, and by retaliating against him for bringing a separate action in this court.[1]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a magistrate judge.  This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Young's complaint without prejudice and without the issuance and service of process.  (ECF. No. 11.)

The magistrate judge makes only a recommendation to this court, and that recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report to which the parties specifically object, and the court may accept, reject, or modify, in whole or in part, the

---

[1] The other action is still pending.  *See Rodney David Young v. Christopher Griffin, et al.*, C/A No. 1:12-3009-TMC (Oct. 18, 2012) ("*Young I*").

magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). However, the court has no duty to conduct a de novo review if a party's objections are "general and conclusory" and "do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In this case, Young filed timely objections. (ECF No. 13.) The majority of his objections merely restate factual allegations and legal conclusions from his complaint and fail to address any specific, dispositive portion of the Report. However, Young does specifically object to the Report's treatment of his allegations regarding denial of due process and access to the law library. The court has conducted a de novo review of those portions of the Report and is not persuaded to deviate from the magistrate judge's recommendation.[2]

Most importantly, Young does not object to the Report's finding that he has failed to exhaust administrative remedies. The court does not see evidence in the record that Young has carried his complaints through all levels of the prison's grievance system and Young does not allege that he has in fact pursued all available administrative remedies. Accordingly, this case is not yet ripe for federal court review.[3]

---

[2] Specifically, Young claims that he was harmed by not receiving access to the law library because he missed a deadline in *Young I*. However, the only deadline he has missed in that case occurred after he filed his complaint in this matter. Also, Young was able to write a letter to the court informing it of his lack of access to the library (ECF No. 72), so he would have also been able to properly move for an extension of time to respond, as he did in ECF No. 84. In addition, despite the missed deadline, the magistrate judge in *Young I* considered all of his filings in the Report and Recommendation. (*See* ECF No. 90.) Regarding his due process claim, Young's objections do not include any evidence of specific failures to follow procedure. Thus, Young still has not met the standard set forth in the Report for stating a claim for denial of due process.

[3] Young has also moved to amend his complaint. (ECF No. 17.) However, his motion states that the alleged incident occurred on September 16, 2013 and the motion is dated September 17, 2013. Clearly, Young could not have exhausted administrative remedies in that time period. The court also notes that the claim asserted in the motion is not an actionable constitutional violation under 42 U.S.C. § 1983. Young's motion to amend is, therefore, denied.

For the foregoing reasons and after a thorough review of the record in this case, the court adopts the Report and incorporates it herein.  Young's complaint is, therefore, dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 30, 2013
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.